UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARVIN DURET

CIVIL ACTION

VERSUS

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

NO.: 13-00314-BAJ-RLB

## RULING AND ORDER

On August 7, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that the Commissioner's decision be affirmed and Plaintiff Marvin Duret's social security appeal be dismissed with prejudice. (Doc. 13.) Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act and for medical assistance under Title XIX of the Social Security Act. (*Id.* at 2.)

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 13, at 1.) A review of the record indicates that Plaintiff filed a timely objection to the Report and Recommendation on August 21, 2014. (Doc. 14.)

Plaintiff's objection concerns the Magistrate Judge's finding with respect to Plaintiff's residual functioning capacity ("RFC"). Ultimately, the Magistrate Judge concluded that the Administrative Law Judge ("ALJ") used the proper standard in determining Plaintiff's RFC and recommended that the ALJ decision be affirmed. Plaintiff contends that "the majority of the evidence in the case record demonstrates that [P]laintiff had long been suffering from both major depressive disorder as well as anxiety disorder," and that "the ALJ was in error to find that these illnesses did not cause more than the limitations imposed in his RFC analysis."(Doc. 14-1, at 2.)

Plaintiff contends that evidence of his diagnoses are evident throughout the record and that Plaintiff suffers serious limitations from his condition, which will undoubtedly cause him to have difficulties completing tasks in a full workweek. (*Id.* at 3.) Plaintiff suggests that the ALJ did not consider whether he could maintain employment over an extended period of time. Plaintiff also asserts that the ALJ failed to include analysis in the RFC about his "limitations with memory, the requirements of assistance or supervision during [P]laintiff's bouts of depression, as well as [P]laintiff's deficiencies in concentration." (*Id.*) Finally, Plaintiff contends that, had the ALJ considered these additional factors and limitations, he would have reached a different conclusion and found that there is no work which Plaintiff would be able to perform. (*Id.*)

The Court adopts the findings of fact and conclusions of law reached by the Magistrate Judge. After a thorough review of the record, the Court concludes that the Magistrate Judge accurately found the ALJ's decision to be supported by substantial evidence. Plaintiff's assertions that the ALJ failed to consider essential evidence in his

RFC determination are unavailing, as it is clear that Plaintiff's depressive disorders and the accompanying symptoms were fully taken into consideration before any decision was made. Without reciting the contents of the entire record, the Court notes that, while there is evidence that Plaintiff does indeed suffer from some sort of depressive disorder, his symptoms are greatly minimized and controlled when he takes his medication properly.

The record also includes evaluations from physicians whose findings support the ALJ's decision that Plaintiff suffers only from moderate symptoms of his condition, which would not prevent him from participating in work consistent with his RFC. Moreover, the Court notes that Plaintiff exercised "normal control" during his evaluations, and was able to comply with and follow directions given to him during the process. (Doc. 13, at 14.)

As stated by the Magistrate Judge, "The ALJ's RFC decision can be supported by substantial evidence even if the ALJ does not specifically discuss all the evidence that supports his or her decision or all the evidence that he or she rejected." *Falco v. Shalala*, 27 F. 3d 160, 163-64 (5th Cir. 1994). (Doc. 13, at 12.) "A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record." *Leggett v. Chater*, 67 F. 3d 558, 564 (5th Cir. 1995). (*Id.*) "The court 'may only scrutinize the record' and take into account whatever fairly detracts from the substantiality of the evidence supporting the ALJ's decision." *Id.* at 566. (*Id.*) Here, the ALJ's decision is supported by substantial evidence in the record. The Court disagrees with Plaintiff's assertion that the ALJ did not include

important information in the RFC determination concerning additional matters such as his memory limitations and inability to work a full forty-hour week. Indeed, the analysis and reasoning for the decision covers multiple aspects of Plaintiff's condition and limitations. The ALJ is not required to articulate every specific reason for the decision in great detail, which appears to be the fundamental basis of Plaintiff's objection. Nevertheless, Plaintiff's dissatisfaction with the result is not enough to reverse and remand the decision reached here.

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation. Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 13)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff Marvin Duret's appeal is **DISMISSED with prejudice**.

Baton Rouge, Louisiana, this 22nd day of September, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4